UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALI CISSE,

                                        Plaintiff,

                                                            Case # 23-CV-6575-FPG

v.

                                                            DECISION AND ORDER

G. HILL, *et al.*,

                                        Defendants.

## INTRODUCTION

Plaintiff Ali Cisse brings this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Defendant Brandi Corigliano moves for summary judgment on Plaintiff's claim against her. ECF No. 8. Plaintiff opposes the motion. ECF No. 17. For the reasons that follow, Corigliano's motion for summary judgment (ECF No. 8) is DENIED WITHOUT PREJUDICE to renewal at the closing of discovery.

## LEGAL STANDARD

The instant case has yet to proceed to discovery. Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A motion for summary judgment may be filed "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Indeed, "both the Second Circuit Court of Appeals and courts from within this district have indicated that a party may be granted summary judgment before an answer is filed." *Nelson v. Deming*, 140 F. Supp. 3d 248, 257 (W.D.N.Y. 2015) (collecting cases). That said, summary judgment is generally not appropriate until after some discovery has occurred. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). That is because summary judgment tests the sufficiency of the

1

evidence, *see* Fed. R. Civ. P. 56(a), and the parties obtain the evidence through discovery, *see generally* Fed. R. Civ. P. 26; *Celotex*, 477 U.S. at 322. "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).

In the rare instance where summary judgment is appropriate before discovery, it is evident from the face of the complaint that discovery would be futile. *See, e.g., Nelson*, 140 F. Supp. 3d at 257 (granting defendants' pre-discovery motion for summary judgment because "[t]he facts contained in the attachments to [p]laintiff's own complaint contradict[ed] his claim"); *Parra v. Wright*, No. 11-CV-6270, 2013 WL 6669235, at *7 (W.D.N.Y. Dec. 18, 2013) (granting defendants' pre-discovery motion for summary judgment on exhaustion grounds because the facts were "not disputed, and it does not appear that any amount of discovery would change the outcome"). Only "where it is clear that the nonmoving party cannot defeat the motion by showing facts sufficient to require a trial for resolution," may summary judgement be granted "notwithstanding the absence of discovery." *Nelson*, 140 F. Supp. 3d at 257 (internal quotation marks omitted). Conversely, where the nonmoving party has not "had the opportunity to discover information that is essential to his opposition" to the motion, pre-discovery motions for summary judgment are inappropriate. *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (quotation omitted).

**BACKGROUND**

In his Complaint, Plaintiff alleges that while he was incarcerated at Elmira Correctional Facility ("Elmira"), numerous employees of that facility violated his constitutional rights, including by using excessive force against him. ECF No. 1. He also alleges that once he was transferred to Marcy Correctional Facility ("Marcy"), employees at that facility, including

Corigliano, denied him adequate medical care for his injuries sustained at Elmira.[1] *Id.* As

Corigliano is the only moving defendant, the Court will only address Plaintiff's specific allegations

relevant to her.

While at Marcy, Plaintiff had an appointment with Corigliano, who is a Nurse Practitioner.

ECF No. 1 at 16. At the appointment, Plaintiff alleges that he informed Corigliano of his injuries

from the use of excessive force at Elmira, telling her that his left ribcage felt broken; he had a

sensation up-and-down his spine whenever he touched it; he had knee pain; and he believed he

had "shattered" bones in his foot. *Id.* He also informed her that the pain was "excruciating" and

"effect[ed]" his "daily activities" and sleep. *Id* at 17. He specifically requested an x- ray or an MRI

as well. *Id.* Plaintiff alleges that Corigliano denied his requests and allegedly stated that because

his injuries occurred a few months ago they were "untreatable so an x-ray or MRI would be

pointless at this moment." *Id.*

According to Plaintiff, Corigliano initially considered his request but changed her mind

when he told her that his injuries were caused by correction officers at Elmira. *Id.* After he told

her this, he alleges that she became irritated and told him that he had previously been seen at Elmira

numerous times for his injuries. *Id.* Plaintiff then told her that he was seen only once at Elmira

with no care whatsoever. *Id.* He alleges that he learned later when he reviewed his medical records

from Elmira that they had been falsified. *Id.* Plaintiff maintains that Corigliano simply relied on

---

[1] As the Court explained in its initial screening order, ECF No. 3, the claims relating to the denial of medical treatment at Marcy arose in the United States District Court for the Northern District of New York. In that screening order, the Court declined to consider severance and transfer of those claims but noted that Defendants were free to move for severance of those claims. ECF No. 3 at 24. Corigliano has not moved to sever. Further, venue is proper in this district because at least one of the named defendants resides in this district and all Defendants appear to reside in the state. *See* 28 U.S.C. § 139l(b)(l); *see also Lewis v. Zon,* 614 F. Supp. 2d 362, 364 (W.D.N.Y. 2009) (denying defendants' motion for severance and transfer where "trial of the plaintiff's claims in a single forum, rather than the three different fora proposed by the movants, will promote judicial economy and vitiate the need to engage in duplicative discovery and re-litigate many of plaintiff's claims").

his medical records and did not perform her own assessment of his medical complaints. *Id* at 17.

Plaintiff further alleges that in her progress note related to his treatment, Corigliano made multiple

false statements in an attempt to cover up the incident at Elmira. *Id.* at 18. He also maintains that

he saw Corigliano a second time, but that she again did nothing but superficially examine him and

denied an x-ray or MRI. *Id.* at 21.

On October 2, 2023, Plaintiff brought the present action in this Court. ECF No. 1. On April

12, 2024, the Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A,

allowing certain claims to proceed to service, including Plaintiff's claim against Corigliano for

denial of medical care. ECF No. 3 at 32. On March 13, 2025, Corigliano moved for summary

judgment on this claim. ECF No. 8. The other remaining Defendants have answered the complaint.

### DISCUSSION

Corigliano argues that summary judgment is appropriate in this case prior to discovery

because the claim against her is a common deliberate medical indifference claim and therefore, the

only discoverable documents are Plaintiff's relevant medical records. ECF No. 8-4 at 2.[2]  As she

appended those records to her motion, she argues that this is the rare case where summary

judgment is warranted prior to discovery. *See id.* The Court disagrees.

In his Complaint, Plaintiff has alleged that Corigliano intentionally falsified his medical

records. ECF No. 1 at 18. As such, this is not the common deliberate medical indifference claim

where the only discoverable documents are Plaintiff's relevant medical records. Instead, it is a case

where the accuracy of the medical records is in question and further discovery is warranted to

assess Plaintiff's allegations.

---

[2] Corigliano also makes other arguments; however, those arguments are all predicated on her contention that the only relevant discovery is Plaintiff's medical records. Because the Court rejects that contention, it need not address her other arguments.

Therefore, the Court concludes that summary judgment is inappropriate at this time. As Plaintiff's claim rests—at least in part—on his allegation that his medical records were intentionally falsified, Plaintiff must be given the opportunity to discover information related to accuracy of such records, which is essential to his opposition to Corigliano's motion based on the records. *See Trebor Sportswear Co.*, 865 F.2d at 511. Consequently, the Court denies Corigliano's motion for summary judgment without prejudice to renewal at the close of discovery.

## CONCLUSION

For the reasons stated, Corigliano's Motion for Summary Judgment (ECF No. 8) is DENIED WITHOUT PREJUDICE to renewal at the close of discovery. **Corigliano shall answer or otherwise respond to Plaintiff's complaint by December 23, 2025.**

Plaintiff's motion for reconsideration of the Court's April 22, 2025 Text Order denying his motion for appointment of counsel (ECF No. 16) is DENIED for the same reasons as described in the April 22, 2025 Text Order (ECF No. 14).

IT IS SO ORDERED.

Dated:  November 24, 2025
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York